1
2
3
4                              UNITED STATES DISTRICT COURT
5                                    DISTRICT OF NEVADA
6                                            * * *
7     DORA OLAYA, *et al.*,                  )
                                              )
8                      Plaintiffs,           )        2:11-cv-997-KJD-CWH
                                              )
9     vs.                                     )        ORDER
                                              )
10    WAL-MART STORES, INC., *et al.*,        )
                                              )
11                     Defendants.            )
      _____)
12
13        This matter is before the Court on the Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart")
14    Emergency Motion to Exclude All Evidence Regarding Plaintiffs' Claims for Business and Wage
      Loss, Medical Expenses, and Damages (#12), filed January 18, 2012. The Court also considered
15    Plaintiffs' Response (#13), filed February 3, 2012 and Defendant's Reply (#14), filed February
16    13, 2012. The Court held a hearing on this matter on March 5, 2012.
17                                      **BACKGROUND**
18        On July 20, 2011, the parties submitted a proposed discovery plan (#8) wherein they
19    agreed to conduct discovery on all claims and defenses allowed pursuant to the Federal Rules of
20    Civil Procedure. The proposal indicated that the parties made their pre-discovery disclosures on
21    or before July 12, 2011 and included a discovery cut-off date of March 13, 2012. The proposed
22    discovery plan and scheduling order was granted on July 21, 2011 (#9). Notably, the parties
23    requested and the Court approved a 270-day discovery period because the parties anticipated
24    extensive expert discovery as well as review of voluminous medical records and depositions of
25    medical providers. The Court granted a limited extension until April 30, 2012 to conduct certain
26    discovery after the discovery cut-off date including: several depositions, a vocational
27    rehabilitation assessment, and a site inspection (#19).
28        Plaintiffs' initial disclosures, served on July 12, 2011, contained a "Computation of

Damages" list totaling $395,211.45.  It indicated that the "Medical Bills not yet received," "Lost Wages," "Future Damages," and "Residual Damages" categories were "To Be Supplemented" and provided no documentation of the evidentiary basis for the total amount.  Five months later, in December 2011, the first and second supplement were served, but they did not expand on the damages categories.  On January 5, 2012, the third supplement was served, which added $932,089 into the "Lost Wages" category and increased Plaintiffs' total claim to over $1.3 million.  This disclosure was made 176 days after the Federal Rule of Civil Procedure 26(a) deadline.  On January 13, 2012, the fourth supplement was served, which added $280,500 into the "Future Damages" category and increased Plaintiffs' total claim to over $1.6 million.  This disclosure was made on the expert disclosure deadline and about six months after the initial disclosure deadline.

Pursuant to Federal Rule of Civil Procedure 37(c)(1), Defendant Wal-Mart requests an order precluding Plaintiffs from using the information disclosed due to the untimely disclosure under Rule 26(a).  Plaintiffs contend they should not be precluded from presenting the evidence identified in the supplemental disclosures because Wal-Mart has been aware of the requested damage categories since the initial disclosures and they regularly and timely supplemented the information as it became available.  Further, Plaintiffs contend that any failure to disclose information under Rule 26(a) was harmless.

**DISCUSSION**

**1. Rule 26(a)**

Unless otherwise exempted, "a party must, without awaiting a discovery request" provide the opposing party with initial disclosures pursuant to Rule 26(a).  Fed. R. Civ. P. 26(a)(1)(A).  As part of its initial disclosures, a party must provide:

> a computation of each category of damages claimed by the disclosing party-who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Fed. R. Civ. P. 26(a)(1)(A)(iii).  Unless a different time is set by stipulation or court order, initial disclosures must be made within 14 days of the parties' Rule 26(f) conference.  Fed.

1   R. Civ. P. 26(a)(1)(C).  A party is not excused from making its initial disclosures because it has

2   not fully investigated the case.  Fed. R. Civ. P. 26(a)(1)(E).  Additionally, the "category of

3   damages" disclosure requires more than a list of the broad types of damages.  *See CCR/AG*

4   *Showcase Phase I Owner, L.L.C. v. United Artists Theatre Circuit, Inc.*, 2010 WL 1947016 (D.

5   Nev. 2010) (finding order excluding evidence of lost profit damages justified) (citing Design

6   *Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2nd Cir. 2006) (finding failure to include lost profits in

7   list of claimed damages justified exclusion sanction)).

8           Discovery in this matter opened on June 27, 2011.  Plaintiffs were required to provide a

9   computation of each category of damages and the underlying documents or other evidentiary

10  materials pursuant to Rule 26(a) on or before July 11, 2011.  On July 12, 2011, one day later,

11  Plaintiffs provided initial disclosures, which contained a "Computation of Damages" list totaling

12  $395,211.45.  The disclosures stated that this amount included all lost wages, future and/or

13  residual damages, and medical bills not yet received, but noted that all four categories of

14  damages were "To Be Supplemented."  Plaintiffs contend that they were not required to disclose

15  more detailed damages claims until after receiving expert input.  However, future expert analysis

16  does not relieve the Plaintiffs of the obligation to provide information reasonably available.  *See*

17  *Frontline Medical Assocs., Inc. v. Coventry Health Care*, 263 F.R.D. 567, 569 (C.D. Cal. 2009)

18  (ordering supplemental disclosures to contain a computation of each category of damages for

19  each cause of action).  Consequently, the Court finds Plaintiffs did not comply with their

20  obligation under Rule 26(a).

21          **2. Rule 26(e)**

22          Pursuant to Rule 26(e)(1)(A):

23          A party who has made a disclosure under Rule 26(a) . . . must supplement or correct
            its disclosure or response . . . in a timely manner if the party learns that in some
24          material respect the disclosure is incomplete or incorrect or if the additional or
            corrective information has not otherwise been made known to the other parties during
25          the discovery process or in writing.

26          Rule 26(e) creates a duty to supplement, not a right.  *See Luke v. Family Care and Urgent*

27  *Medical Clinics*, 323 Fed. Appx. 496, 500 (9th Cir. 2009) (holding district court did not abuse its

28  discretion in excluding untimely expert declarations).  Rule 26(e) does not create a "loophole"

1  for a party who wishes to revise its initial disclosures to its advantage after the deadline has

2  passed. *Id.*  Indeed, supplementation means "correcting inaccuracies . . . based on information

3  that was not available at the time of the initial disclosure." *Id.* (citing *Keener v. United States*,

4  181 F.R.D. 639, 640 (D. Mont. 1998) (finding second disclosure so substantially different from

5  first that it could not qualify as a correction of an incomplete or inaccurate expert report)).

6          Plaintiffs served their first supplement on December 12, 2011, which is five months after

7  their Rule 26(a) initial disclosures.  The second supplement was served eight days later, on

8  December 20, 2011.  Neither the first nor second supplement contained sufficient information

9  regarding Plaintiffs' business loss, wage loss, or future damages claims.  On January 5, 2012,

10  Plaintiffs disclosed their wage loss claims in the third supplement, which is about six months

11  after the initial disclosures deadline.  On January 13, 2012, Plaintiffs disclosed their future

12  damages claims in the fourth supplement, which is the same day as the expert disclosure

13  deadline.  The Court notes that the supplemental disclosures were made prior to the extended

14  discovery cut-off deadline of April 30, 2012.  Nevertheless, the Court is unconvinced that the

15  damages information in these supplements was newly discovered or otherwise not reasonably

16  available to Plaintiffs at the initial disclosures deadline.  Consequently, the Court finds the third

17  and fourth supplemental disclosures containing additional damages information untimely under

18  Rule 26(e).

19          **3. Rule 37(c)**

20          If a party fails to provide information as required by Rule 26(a) or 26(e), then "the party is

21  not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at

22  a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).  Rule

23  37(c) "gives teeth" to the requirements of Rule 26(a) and Rule 26(e) so courts are given a

24  particularly wide latitude to issue sanctions under Rule 37(c)(1).  *Yeti by Molly, Ltd. v. Deckers*

25  *Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (holding district court did not abuse its

26  discretion in excluding testimony of defendant's only damages expert as a sanction).  Generally,

27  the exclusion penalty is "self-executing" and "automatic." *Hoffman v. Constr. Protective Servs.,*

28  *Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008) (noting Rule 37(c)(1)'s exclusion sanction provides a

1   strong inducement for disclosure of material and affirming district court's preclusion of

2   undisclosed damages evidence).  The party facing sanction has the burden of showing that any

3   failure to disclose is substantially justified or harmless.  *See Yeti*, 259 F.3d at 1107.  The factors

4   that may properly guide a court in determining whether a violation is substantially justified or

5   harmless are: (1) prejudice or surprise to the party against who the evidence is offered; (2) the

6   ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad

7   faith or willfulness involved in not timely disclosing the evidence.  *Manneh v. Inverness Medical*

8   *Innovations, Inc.*, 2010 WL 3212129 at *2 (S.D. Cal. 2010) (finding failure to disclose certain

9   documents and witness not harmless where opposing party was unable to prepare its defense in

10  time for trial).

11          Plaintiffs provided the third and fourth supplements in violation of Rule 26(a) and 26(e),

12  which triggers sanctions under Rule 37(c) unless they show their failure is substantially justified

13  or harmless.  Plaintiffs argue any failure is substantially justified or harmless because: (1) they

14  provided authorizations for Wal-Mart to subpoena third-party records from which Wal-Mart

15  could calculate the damages; (2) they reserved the right to supplement their damages disclosures;

16  (3) they disclosed their damages claims by the deadline for disclosing expert witnesses; and (4)

17  they made timely and regular supplemental disclosures.  In contrast, Wal-Mart contends that

18  Plaintiffs' disclosure of the damages just prior to the expert disclosure deadline deprived Wal-

19  Mart of sufficient time to evaluate its need for, obtain, and prepare expert witnesses.

20          The Court does not find any of Plaintiffs' proffered reasons for its discovery

21  shortcomings compelling.  The amount and nature of damages claimed is a significant part of a

22  personal injury case and one that Wal-Mart was not required to acquire on its own.  Plaintiff's

23  attempt to shift its affirmative duty onto Wal-Mart cannot be allowed.  *See Baltodano,* et. al. *v.*

24  *Wal-Mart Stores, Inc.*, Case No. 2:10-cv-2062 (D. Nev., Aug. 31, 2011), (Dkt. #26) (ordering

25  exclusion of all evidence regarding future medical expenses because disclosure was not made in

26  time for defendant to obtain expert witnesses).[1]  Additionally, despite numerous requests from

27  _____

28          [1] The Court notes that Plaintiffs' counsel, Mr. Ohlson, is aware of the Court's ruling in
     *Baltodano*, as he is employed by the same firm that was sanctioned for the same issue - untimely

1    Defense counsel, Plaintiffs did not disclose evidence and information regarding business loss,

2    wage loss, and future damages until eight days prior to the expert disclosure deadline.  Plaintiffs'

3    third and fourth supplemental disclosures made on January 5, 2012 and January 13, 2012

4    included information for more than seventy-five percent of Plaintiffs' claimed damages.  Further,

5    these disclosures attributed approximately $1.2 million to lost wages and future damages.  As a

6    result, Wal-Mart has been unable to obtain and prepare expert witnesses or other evidence to

7    support its defense.  This surprise is prejudicial.  Additionally, Wal-Mart would need an

8    extension of discovery from the Court to prepare and retain expert witnesses in order to cure the

9    prejudice.  Such an extension would disrupt the schedule of the Court and result in wasted time,

10   energy, and work.  *See Yeritas Operating Corp. v. Microsoft Corp.*, 2008 WL 657936 (W.D.

11   Wash. 2008) (holding failure to provide damages information or identify expert was not harmless

12   because discovery would need to be reopened).  Moreover, the Court finds that the failure to

13   disclose such information in the initial disclosures was willful given the timing and numerous

14   communications from Defense counsel regarding its necessity.  Consequently, Plaintiffs have not

15   carried their burden to prove that their disclosure was substantially justified or harmless.

16        The Court considers five factors in deciding whether a sanction is proper: (1) the public's

17   interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

18   risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

19   merits; and (5) the availability of less drastic sanctions.  *See Wendt v. Host Intern., Inc.*, 125 F.3d

20   806 (9th Cir. 1997) (finding exclusion of expert testimony no longer warranted).  In this case,

21   discovery would need to be reopened to provide the parties with the opportunity to obtain expert

22   witnesses.  Reopening discovery to allow for the exploration of new evidence does not serve to

23   expedite the resolution of this litigation.  Additionally, as discussed above, Wal-Mart has been

24   prejudiced by the Plaintiffs' delay in providing computation of damages information.  On the

25   other hand, excluding the damages information does violence to the disposition of this case on its

26

27   disclosure of damages - he took over this case for the same attorney who was sanctioned, and
     Defense counsel provided Mr. Ohlson with copies of the *Baltadano* exclusion Order. Case No. 2:10-
28   cv-2062, (#26).

- 6 -

1   merits and less drastic sanctions are available.  The Court must decide whether the public policy

2   favoring disposition of cases on their merits and the availability of less drastic sanctions

3   outweighs the delay and prejudice that results if Plaintiffs are not precluded from introducing

4   damages evidence.

5           Based on the circumstances, an order barring Plaintiffs from introducing the damages

6   evidence at issue is justified.[2]  The fact that this sanction can be imposed does not necessarily

7   mean that it should.  *See, e.g., Valley Engineers Inc. v. Electric Engineering Co.*, 158 F.3d 1051,

8   1057 (9th Cir. 1998) (noting something other than case-dispositive sanctions will often suffice);

9   *Frontline Med. Assocs.*, 263 F.R.D. at 570 (holding exclusion was not proper where plaintiff

10  knew of defendant's experts even before filing the complaint).  However, the harm cannot be

11  easily remedied and most factors support the sanction of exclusion.  Discovery closed on April

12  30, 2012.  In order to remedy the harm to Wal-Mart, discovery would have to be reopened for a

13  substantial amount of time to allow for the retention and preparation of economic and medical

14  experts.  Both sides would also need time to retain and prepare rebuttal expert reports.  This

15  would prevent an expeditious resolution of the litigation and clutter the Court's docket.

16  Although an extension would lower the risk of prejudice to Wal-Mart, it has already been harmed

17  by the delay.  Further harm would incur because it would need to conduct additional litigation

18  made necessary by the willful conduct of Plaintiffs' counsel.

19          Furthermore, a sanction of exclusion here will not be a case dispositive sanction.

20  Plaintiffs will still be able to pursue the damages indicated in the initial disclosures, which allows

21  the case to be decided on the merits.  A computation of damages disclosure should have

22  sufficient detail to enable a defendant to understand its potential exposure and make informed

23  settlement and discovery decisions.  *See City and County of San Francisco v. Tutor-Saliba*

24  *Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003) (holding plaintiffs required to supplement initial

25

26          [2] The Court notes that Plaintiffs' counsel had prior warning regarding violating the discovery
    rules governing computation of damages disclosures as they were sanctioned on this matter in
27  *Baltadano*.  Case No. 2:10-cv-2062, (#26).  In fact, the circumstances of this matter are so similar
    to *Baltadano*, involve the same counsel, and constitute an even more egregious violation of Rules
28  26(a) and 26(e), that the Court is lead to the conclusion that a pattern of discovery abuse has
    emerged.  Consequently, no lesser sanction would suffice to deter this type of behavior.

1    damages disclosure by specifying damages allegedly sustained for each contract at issue).

2    Plaintiffs' computation of damages failed to include sufficient detail and despite Defense

3    counsel's repeated attempts to obtain further information, Plaintiffs did not supplement their

4    damages claims until the eve of the expert disclosure deadline.  Consequently, the failure to

5    timely disclose the contours of Plaintiffs' business loss, wage loss, medical expenses, and

6    damages was neither substantially justified nor harmless.  Accordingly,

7           **IT IS HEREBY ORDERED** that Defendant Wal-Mart Stores' Emergency Motion to

8    Exclude All Evidence Regarding Plaintiffs' Claims for Business Loss, Past and/or Future Wage

9    Loss, Loss of Earning Capacity, Future Medical Expenses, and Future and/or Residual Damages

10   (#12) is **granted.**

11          Furthermore, Defendant seeks reasonable costs, including attorneys' fees required to

12   bring this motion.  Therefore,

13          **IT IS HEREBY ORDERED** that on or before August 15, 2012, Defendant shall file an

14   affidavit of attorneys' fees and costs incurred in bringing this motion.

15          **IT IS FURTHER ORDERED** that on or before August 22, 2012, Plaintiff shall file a

16   response to said affidavit.

17          DATED this 7th day of August, 2012.

18

19

20                                             _____
                                               C.W. Hoffman, Jr.
21                                             United States Magistrate Judge

22

23

24

25

26

27

28