UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DORA OLAYA, *et al.*, ) | |
| Plaintiffs, ) | Case No. 2:11-cv-997-KJD-CWH |
| vs. ) | **ORDER** |
| WAL-MART STORES, INC., *et al.*, ) | |
| Defendants. ) | |

This matter is before the Court on the Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart") Affidavit of Attorneys' Fees and Costs (#27), filed August 15, 2012. The Court also considered Plaintiffs' Response (#28), filed August 22, 2012.

**BACKGROUND**

On January 18, 2012, Defendant Wal-Mart filed an Emergency Motion to Exclude All Evidence Regarding Plaintiffs' Claims for Business Loss, Past and/or Future Wage Loss, Loss of Earning Capacity, Future Medical Expenses, and Future and/or Residual Damages. *See* Motion to Exclude #12. Defendant contended that Plaintiffs should be precluded from using information untimely disclosed under Rule 26(a) pursuant to Federal Rule of Civil Procedure 37(c)(1). In contrast, Plaintiffs argued that they should not be precluded from presenting the evidence identified in the supplemental disclosures because Wal-Mart has been aware of the requested damage categories since the initial disclosures and they regularly and timely supplemented the information as it became available. Further, Plaintiffs asserted that any failure to disclose information under Rule 26(a) was harmless.

On August 7, 2012, the Court granted the Motion to Exclude All Evidence Regarding Plaintiffs' Claims for Business Loss, Past and/or Future Wage Loss, Loss of Earning Capacity, Future Medical Expenses, and Future and/or Residual Damages. *See* Order #26. The Court also

ordered Defendant to submit an affidavit of attorneys' fees and costs incurred in bringing the motion. Per the Court's order, Defendant filed an affidavit on August 15, 2012 in which Defense Counsel, A.J. Sharp ("Mr. Sharp"), requests $9,282 in fees and costs based on an hourly rate of $170 and 54.6 hours of work. *See* Defs. Affidavit #27. In response, Plaintiffs assert that an award of fees and costs for certain items in the affidavit is unwarranted because they are redundant, not performed in a good faith attempt to resolve the discovery dispute, and would have been performed in the regular course of discovery/litigation. *See* Pls.' Response #28.

## DISCUSSION

### A.     Sanctions Pursuant to Rule 37

Federal Rule of Civil Procedure 37(a)(5)(A) states, "[T]he court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." An award of expenses is not appropriate if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, (2) the opposing party's non-disclosure, response, or objection was substantially justified, or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i-iii). The burden is on the losing party to affirmatively demonstrate that its discovery conduct was substantially justified. *See* Adv. Comm. Notes to 1970 Amendment to former Fed. R. Civ. P. 37(a)(4). Discovery conduct is "substantially justified if it is a response to a 'genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.'" *Devaney v. Continental American Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

Plaintiffs object to the total amount of expenses requested by Defense counsel because Defendant did not make a good faith attempt to obtain the discovery without court action and some of the expenses are unjust. The Court is not persuaded by this argument. As noted in the Court's October 7, 2012 Order (#26), Plaintiffs were required to provide a computation of each category of damages and the underlying documents or other evidentiary materials pursuant to Federal Rule of Civil Procedure 26(a) on or before July 11, 2011. Neither the first nor second supplement

contained sufficient information regarding Plaintiffs' business loss, wage loss, or future damages claims. Additionally, the third and fourth supplemental disclosures containing additional damages information were untimely pursuant to Rule 26(e). Furthermore, despite Defense counsel's repeated attempts to obtain further information, Plaintiffs did not supplement their damages claims until the eve of the expert disclosure deadline. The failure to timely disclose the contours of Plaintiffs' business loss, wage loss, medical expenses, and damages was neither substantially justified nor harmless as defined by Federal Rule of Civil Procedure 37(c). The amount and nature of damages claimed is a significant part of a personal injury case and one that Defendant was not required to acquire on its own. Plaintiffs' attempt to shift its affirmative duty was not allowed. Accordingly, the Court finds that Plaintiffs have not met their burden to demonstrate that their conduct was substantially justified or an award of expenses would be unjust.

**B.     Reasonableness of the Fee Request**

The Ninth Circuit affords trial courts broad discretion in determining the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). Courts typically follow a two-step process. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Second, the Court "may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). Some of the relevant factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of the attorney, (10) the undesirability of the case,[1] (11) the nature and length of the professional relationship with the

---

[1] This factor has been called into question by the Supreme Court's ruling in *City of Burlington v. Dague,* 505 U.S. 557, 561-564 (1992). *See also Davis v. City & Cty. of San Francisco*, 976 F.2d

client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied,* 425 U.S. 951 (1976); *see also Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In most cases, the lodestar figure is a presumptively reasonable fee award. *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 978 (9th Cir. 2008).

### 1. Reasonable Hourly Rate

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). The relevant community consists of the forum in which the case is pending. *Camacho,* 523 F.3d at 978. The court may consider rates outside the forum if local counsel was unavailable because they lacked the degree of experience, expertise, or specialization required to properly handle the case. *Id*. (*citing Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). Additionally, the court must consider the market rate in effect within two years of the work performed. *Bell v. Clackamas County*, 341 F.3d 858, 869 (9th Cir. 2003). The fee applicant has the burden of producing satisfactory evidence that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* Such evidence may include affidavits of the fee applicant's attorneys, affidavits of other attorneys regarding prevailing fees in the community, and rate determinations in other cases. *Camacho*, 523 F.3d at 980 (*citing United Steel Workers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990)). Defense counsel's affidavit seeks fees based on an hourly rate of $170. Plaintiffs raised no objection to this rate and the Court finds that it is reasonable for this forum.

### 2. Reasonable Hours Expended

On the other hand, the Court finds that the number of hours worked must be adjusted to account for the time and labor required for the Motion to Exclude. Where documentation of hours is inadequate, the district court may reduce the award accordingly. *Hensley*, 461 U.S. at 433. Furthermore, the court may also exclude hours related to overstaffing, duplication, excessiveness,

---

1536, 1546 n.4 (9th Cir. 1992), *vacated in part on other grounds,* 984 F.2d 345 (9th Cir. 1993) (suggesting *Dague* casts doubt on the relevance of "undesirability" to the fee calculation).

and those otherwise unnecessary to the motion at issue. *Id.* Plaintiffs contend that fees should not be awarded for work that would have been performed in the regular course of discovery and litigation. Plaintiffs also argue that fees should not be awarded for work performed that is not directly related to the Motion to Exclude. Finally, Plaintiffs allege that fees should not be awarded for work that was redundant or unnecessary. After carefully reviewing defense counsel's time submissions, the Court finds that a number of reductions are necessary.

The Court finds that the time and labor required for the Motion to Exclude does not extend to redundant and unnecessary correspondence. As noted above, it is the affirmative duty of Plaintiffs to provide a computation of each category of damages pursuant to Rule 26(a) and supplement pursuant to Rule 26(e). Defense counsel's correspondence reminding Plaintiffs of their duty to supplement and/or disclose information should be excluded from the fee calculation as redundant and unnecessary. (Affidavit #27 ¶¶ 3-7, 11, 16, 22, and 25). Similarly, Defense counsel's explanation of Ninth Circuit law regarding Rules 26 and 37 is unnecessary. (Affidavit #27 ¶¶ 13, 20, and 21). Finally, correspondence not directly related to the Motion to exclude, but rather, addressing other discovery issues is unnecessary. Defense counsel failed to provide sufficient information for the Court to determine that work performed with respect to requesting deposition availability and reviewing Plaintiff's suggestion that experts be retained was directly related to the Motion to Exclude rather than performed in the ordinary course of discovery. (Affidavit #27 ¶¶ 8 and 17). Accordingly, the Court will exclude Paragraphs 3-8, 11, 13, 16, 17, 20-22, and 25, which consists of 14 hours, from the fee calculation.

In addition, the Court finds that time and labor that has not been spent should be excluded from the fee calculation. Specifically, Paragraph 38 describes defense counsel's estimate of 3.0 hours that would be spent reviewing Plaintiff's response to the fee affidavit and attendance at a hearing. As defense counsel did not submit a reply and the Court did not hold a hearing on the Affidavit, these anticipatory expenses are excluded from the reasonable fee calculation. Therefore, the Court finds that defense counsel is entitled to an award of $6,392 in fees based on 37.6 hours of work at a rate of $170 per hour.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiffs shall pay Defendant Wal-Mart the total sum of $6,392.00.  Plaintiffs are further ordered to make full payment to Defendant by **October 22, 2012**.

DATED this 1st day of October, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**